United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HAMID R. BAKHTIARI and PARICHEHR ETEMADI,

        Plaintiffs,

  v.

COMERICA BANK, INC.,

        Defendant.

No. 24-00273 WHA

**ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT**

    Plaintiffs authorized Comerica Bank in Fremont to make two wire transfers to a bank in Mexico to pay someone who turned out to be a scam artist. Plaintiffs dealt with a bank manager, Mr. Pratap Damodhar, in Fremont. Unknown to plaintiffs, Comerica arranged for the wire transfers to be sent via a bank in Texas. Soon, however, plaintiffs got wind of the scam and "immediately" asked Manager Damodhar to stop payment. The manager responded that the bank in Texas was closed for the day and the stop order could not be affected until the bank in Texas responded the next day. During this delay, the scam artist got the money and plaintiffs lost the $60,000.

    Plaintiffs dealt only with the Fremont branch, not anyone in Texas. That the Fremont branch, on its own, used the Texas branch to send the wire was not plaintiffs' doing. It was, therefore, no legal excuse that the branch in Texas was closed for the day.

    The complaint shall go forward except as follows.

Plaintiffs pursue a claim under the Electronic Fund Transfer Act, which expressly excludes any transfer of funds through a "wire transfer system that is used primarily for transfers between financial institutions or between businesses." 12 C.F.R. § 205.3(c)(3). Since plaintiffs not only characterize that they engaged in a "wire transfer" (Amd. Compl. ¶ 8) and but also allege the transfer of funds took place between defendant, a financial institution, and a beneficiary bank, this order finds that plaintiffs had engaged in a wire transfer within the meaning of 12 C.F.R. § 205.3(c)(3). Therefore, the wire transfers in question are not covered under EFTA. Plaintiffs' EFTA claim is therefore **DISMISSED**.

Plaintiffs bring forth a claim under California Civil Code Section 1750, also known as the Consumer Legal Remedies Act, which prohibits "unfair methods of competition and unfair or deceptive acts or practices . . . which results in the sale or lease of goods or services to any consumer." § 1770. Defendant argues that plaintiffs fail to allege that they sought timeshares in Mexico for personal or household purposes, as required by the Act (Dkt. No. 20 at 11). This order agrees. Plaintiffs also fail to allege which act of defendant is "unfair or deceptive" within the meaning of the Act. Therefore, plaintiffs' Section 1750 claim is **DISMISSED**.

Next, regarding plaintiffs' claim under Section 11203 of the California Commercial Code, this order finds this section inapplicable in this action. Section 11203 lays out rules in the event that a payment order is "not an authorized order of a customer identified as a sender." Given a key premise in this action is that the wire transfers were authorized, Section 11203 has no application here. As such, plaintiffs' claim is futile and is therefore **DISMISSED**.

Lastly, plaintiffs allege a common-law claim for relief under negligence. Courts within our very own district are split on whether negligence claims are preempted by Division 11 of the California Commercial Code. Regardless, plaintiffs' bare allegations necessitate dismissal. Plaintiffs' allegations simply state: "[p]laintiffs re-allege and incorporate by reference paragraphs 1-14" (Amd. Compl. at 6). Plaintiffs' only reference to a duty within the incorporated paragraphs is the bank manager's alleged duty to "perform whatever was required to make the order to rescind the fund transfer effective" (¶ 13). Plaintiffs fail to allege that the manager breached this duty, nor do plaintiffs allege that this supposed breach was the legal or

proximate cause of plaintiffs' injuries.  For this reason, plaintiffs' negligence claim is **DISMISSED**.

### CONCLUSION

For the foregoing reasons, defendant's motion to dismiss under Rule 12(b)(6) is **GRANTED IN PART AND DENIED IN PART**.  Only plaintiffs' claims for relief under California Commercial Code Sections 11202 and 11211 survive the pleading stage.  The remaining claims are **DISMISSED**.  The answer is due in **FOURTEEN CALENDAR DAYS**.

**IT IS SO ORDERED.**

Dated: July 12, 2024.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE